IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON THOMAN, | : | |
| Petitioner | : | No. 1:25-cv-00921 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| KATY L. HITEMAN, Warden of Adams County Correctional Facility, et al., | : : | |
| Respondents | : | |

## MEMORANDUM

Currently before the Court are an application for leave to proceed in forma pauperis ("IFP Application") and petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Aaron Thoman ("Thoman"). For the reasons set forth below, the Court will grant the IFP Application, dismiss the petition, decline to issue a certificate of appealability, and direct the Clerk of Court to close this case.

I.   BACKGROUND

Thoman, who has been incarcerated at the Adams County Adult Correctional Complex ("ACACC") since April 20, 2025, is charged with stalking (18 Pa. C.S. § 2709.1(a)(1)), loitering and prowling at night time (18 Pa. C.S. § 5506), two (2) counts of driving under the influence (75 Pa. C.S. § 3802(d)(2), (3)), and defiant trespass (18 Pa. C.S. § 3503(b)(1)), in the Court of Common Pleas of Adams County. See Commonwealth v. Thoman, No. CP-01-CR-0000566-2025 (Adams Cnty. Ct. Com. Pl. filed Apr. 20, 2025) ("CCP Docket"); (Doc. No. 1 at 2).[1] On

---

[1] The Court takes judicial notice of the docket in Thoman's underlying criminal case, which is available on the Unified Judicial System of Pennsylvania Web Portal (https://ujsportal.pacourts.us/CaseSearch (last visited July 29, 2025)). See Orabi v. Att'y Gen. of the U.S., 738 F.3d 535, 537 n.1 (3rd Cir. 2014) (stating that the court "may take judicial notice of the contents of another [c]ourt's docket"); Wilson v. McVey, 579 F. Supp. 2d 685, 688 n.5 (M.D. Pa. 2008) (taking judicial notice of court docket).

June 3, 2025, the trial court entered an order to have Thoman's competency examined. See CCP Docket. It does not appear that there are any hearings currently scheduled in the case. See id.

Thoman commenced the instant action by filing a document titled "Petition for Habeus [sic] Corpus Removal of Criminal Prossecution [sic] 28 USC [sic] 1455," which the Clerk of Court docketed on May 23, 2025. (Doc. No. 1.) Unfortunately, Thoman did not remit the filing fee or seek leave to proceed in forma pauperis when submitting this document; as such, an Administrative Order issued requiring him to remit the fee or file for leave to proceed in forma pauperis within thirty (30) days. (Doc. No. 3.) Thoman timely filed his IFP Application on June 23, 2025. (Doc. No. 4.) However, the IFP Application was incomplete because it was not accompanied by Thoman's certified prisoner trust fund account statement, as required by 28 U.S.C. § 1915(a)(2).[2] Consequently, another Administrative Order issued requiring the Warden of ACACC to submit Thoman's certified account statement. (Doc. No. 5.) Thoman's account statement was docketed with the Clerk of Court on July 8, 2025. (Doc. No. 6.)

In his habeas petition, Thoman generally asserts that he is illegally confined in the ACACC. (Doc. No. 1 at 1.) Despite this general assertion, Thoman appears to raise claims relating to certain proceedings under Pennsylvania's Protection from Abuse Act ("PFA") against

---

[2] Section 1915(a)(2) states as follows:

> A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined.

See 28 U.S.C. § 1915(a)(2).

2

him as well as his current criminal proceedings, although he does not explain how these proceedings are connected.  See (id. at 1–5).

Regarding his PFA proceedings, Thoman contends that he did not have the opportunity to confront his accuser on February 23, 2024, or March 2, 2024, during "emergency" PFA hearings in the Adams County Court of Common Pleas.[3]  See (id. at 1).  He was also held against his will "302 medically" at the Friendship House in Philadelphia "during the hearing."[4]  See (id.). Thoman complains that his due process rights were violated because the evidence introduced against him during the hearing(s) consisted of only hearsay evidence.  (Id.)  Thoman goes on to assert that:

> My kids were kidnapped put [sic] it [sic] harms way of know [sic] pedophiles and lawyers and judges using language I didnt [sic] understand after brain trauma I suffered [sic] and the psyche [sic] meds Wagner force [sic] me on while in prison or I couldnt [sic] get paroled with no history of mental illness before first PFA were [sic] my wife was cheating and almost getting me shot over her adultry [sic] and drug use.

See (id. at 2).

Thoman further alleges that he was denied his right to counsel so he could prepare for the PFA hearing and his wife's false allegations.  (Id.)  Thoman's wife purportedly used his

---

[3]  Although Thoman mentions two (2) dates, February 23, 2024 and March 2, 2024, and uses the term "emergency" when describing his PFA proceedings, see (id. at 1), it is unclear whether he had two (2) "emergency" hearings on those dates.  In this regard, a PFA case commences when a plaintiff files a protection from abuse petition.  See 23 Pa. C.S. § 6106(a).  "If a [PFA] plaintiff petitions for a temporary order for protection from abuse and alleges immediate and present danger of abuse to the plaintiff or minor children, the court shall conduct an ex parte proceeding."  See 23 Pa. C.S. § 6107(b)(1).  Thereafter, the court must hold a final hearing within ten (10) business days (unless continued by order of court).  See id. § 6107(a).  The Court notes that there appears to be ten (10) days between the dates mentioned by Thoman.

[4]  Thoman's reference to "302" appears to relate to Section 302 of Pennsylvania's Mental Health Procedures Act, which permits individuals to be involuntarily committed for emergency examination and treatment not to exceed one hundred and twenty (120) hours.  See 50 P.S. § 7302.

"freedom of religion against [him]," and he was "once again manipulated, cohereced [sic], and drugged." See (id.).

As for his current criminal charges, Thoman avers that his bail was revoked because of motions and appeals that he filed. (Id.)  He also indicates that the Public Defender's Office was "removed," and the trial judge "wants to send [him] to [a] mental ward to see if [he is] fit to stand trial." See (id.).  Thoman further contends that the evidence presented against him did not establish a prima facie case, and the warrant issued against him is invalid. (Id.)  He claims to be innocent of the charges against him and is being held under excessive bail. (Id. at 3–4.)  For relief, Thoman requests that the Court schedule a hearing and that he be discharged. (Id. at 5.)

## II.    LEGAL STANDARDS

### A.    Applications for Leave to Proceed in Forma Pauperis

Under 28 U.S.C. § 1915(a)(1), a district court "may authorize the commencement . . . of any [civil] suit, . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." See id.  This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 [(1989)].  Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation.  [Deutsch v. United States, 67 F.3d 1080, 1084 (3d Cir. 1995)].  Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating, among other things, that [they are] unable to pay the costs of the lawsuit.  Neitzke, 490 U.S. at 324[.]

See Douris v. Middletown Twp., 293 F. App'x 130, 131–32 (3d Cir. 2008) (unpublished).

A litigant can show that they are unable to pay the costs of the lawsuit "based on a showing of indigence." See Deutsch, 67 F.3d at 1084 n.5.  The Third Circuit Court of Appeals

4

has not defined what it means to be indigent; nevertheless, "[a] plaintiff need not 'be absolutely destitute to enjoy the benefit of the statute.'" See Mauro v. N.J. Supreme Ct., Case No. 56,900, 238 F. App'x 791, 793 (3d Cir. 2007) (unpublished) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948)).  Some district courts have explained that all a litigant needs to show is that because of their poverty, they cannot afford to pay for the costs of litigation and provide themselves with the necessities of life.  See, e.g., Rewolinski v. Morgan, 896 F. Supp. 879, 880 (E.D. Wis. 1995) ("An affidavit demonstrating that the petitioner cannot, because of [their] poverty, provide [themselves] and any dependents with the necessities of life is sufficient."); Jones v. State, 893 F. Supp. 643, 646 (E.D. Tex. 1995) ("An affidavit to proceed in forma pauperis is sufficient if it states that one cannot, because of poverty, afford to pay for the costs of litigation and still provide for him- or herself and any dependents.").

      **B.**      **Screening of Habeas Petitions**

District courts are tasked with conducting a preliminary review of Section 2254 habeas petitions.  See R. 4, 28 U.S.C. foll. § 2254 ("The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it."). However, when a judgment against a habeas petitioner in a state criminal proceeding has not yet been entered and the petitioner files an application for a writ of habeas corpus while in pretrial detention, jurisdiction for federal habeas review arises under Section 2241, not [Section 2254], because Section 2254 requires that the petitioner be "in custody pursuant to the judgment of a State Court."  See 28 U.S.C. § 2254(a) (emphasis added). Therefore, because Thoman is still awaiting the disposition of his criminal charges in Adams County, the Court will construe his

habeas petition as a Section 2241 petition.[5]  See, e.g., Potts v. Warden of Lackawanna County Prison, No. 23-cv-01332, 2023 WL 5732714, at *1 (M.D. Pa. Aug. 15, 2023) (construing Section 2254 petition filed by pretrial detainee as Section 2241 petition).

Even though the Court construes Thoman's petition as one filed under Section 2241, the Court may still preliminarily screen it.  See R. 1(b), 28 U.S.C. foll. § 2254 ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a))."). When conducting this screening, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  See R. 4, 28 U.S.C. foll. § 2254; see also Lonchar v. Thomas, 517 U.S. 314, 320 (1996) ("[A] district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."); McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

      **C.     Habeas Petitions Under Section 2241 Filed by Petitioners with Pending State Criminal Charges**

While federal courts have jurisdiction to issue a writ of habeas corpus before a judgment is entered in a state criminal proceeding pursuant to Section 2241, see, e.g., Moore v. DeYoung, 515 F.2d 437, 443 (3d Cir. 1975), in the pretrial setting, "federal habeas corpus does not lie, absent 'special circumstances' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."  See Braden v. 30th Judicial

---

[5] The Court recognizes that Thoman references the criminal prosecution removal statute, 28 U.S.C. § 1455 on the first page of his petition, see (Doc. No. 1 at 1); however, given that he seeks only habeas relief and has otherwise failed to follow the procedures to remove his criminal proceeding to federal court, the Court construes his submission as only a habeas petition.

6

Cir. Ct. of Ky., 410 U.S. 484, 489 (1973).  Disfavor of pretrial intervention in state criminal proceedings is based on the notion of comity, "a principle of deference and 'proper respect' for state government functions in our federal system."  See Evans v. Ct. of Com. Pl. Del. Cnty., Pa., 959 F.2d 1227, 1234 (3d Cir. 1992) (citing Younger v. Harris, 401 U.S. 37, 44 (1971)); see also Duran v. Thomas, 393 F. App'x 3, 4 (3d Cir. 2010) (unpublished) (explaining that Section 2241 jurisdiction "must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes'" (quoting Moore, 515 F.2d at 445–46)).

### III.    DISCUSSION

#### A.    The IFP Application

After reviewing the IFP Application and Thoman's account statement, it appears that he lacks the financial means to prepay the filing fee in this matter.  Therefore, the Court will grant the IFP Application and allow Thoman to proceed in forma pauperis in this habeas action.

#### B.    Screening the Petition

The Court has thoroughly reviewed Thoman's Section 2241 petition, and it plainly appears from it that he is not entitled to habeas relief.  Concerning his complaints about his PFA proceedings, Thoman does not allege that his current incarceration is related to those PFA proceedings,[6] and Section 2241 is not the avenue through which he may challenge any errors in

---

[6] A defendant may be found guilty of indirect criminal contempt for violating a PFA order and incarcerated for said violation.  See 23 Pa. C.S. § 6114.

those proceedings.[7] As such, he may not obtain habeas relief here based on his PFA proceedings.

As for his current criminal charges, although Thoman attempts to challenge his pending criminal proceedings by raising claims regarding excessive bail, the evidence supporting his criminal charges, and his arrest warrant, he does not assert that he exhausted these claims in state court. Accordingly, the Court will dismiss without prejudice his Section 2241 petition due to his failure to exhaust.

Regarding exhaustion, although Section 2241 does not contain a statutory exhaustion requirement like Section 2254, see 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that[ ] . . . the applicant has exhausted the remedies available in the courts of the State . . . ."), "an exhaustion requirement has developed through decisional law, applying principles of federalism." See Moore, 515 F.2d at 442. Moreover, "although there is a distinction in the statutory language of [Sections] 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned." See id. Accordingly, the petitioner must have exhausted their state-court remedies regarding their claims before the federal court can consider their merits. See id.; Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) ("[W]e have consistently applied an exhaustion requirement to claims brought under § 2241.").

To properly exhaust state remedies, a Section 2241 habeas petitioner must invoke "one complete round of the state's established appellate review process." See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The petitioner bears the burden of showing that all claims alleged

---

[7] Any such challenges should have been raised on appeal to the Pennsylvania Superior Court. See, e.g., Trout v. Strube, 97 A.3d 387, 389–90 (Pa. Super. Ct. 2014) (discussing standard of review on appeal from final PFA order).

have been "fairly presented" to the state courts, and "it is not enough that the petitioner presents to the state court the facts upon which a federal claim is based." See Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982) (per curiam).

Additionally, although federal district courts have jurisdiction to hear the habeas challenges of state pre-trial detainees, "that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." See Moore, 515 F.2d at 443. As such, where no extraordinary circumstances are present and a petitioner seeks to litigate the merits of a constitutional defense to a criminal charge, "the district court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication and has exhausted state remedies" by presenting their claim to the highest state court. See id. (citation omitted).

Here, Thoman has not demonstrated that he exhausted his available state remedies in his petition. See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) ("The habeas petitioner carries the burden of proving exhaustion of all available state remedies." (citation omitted)). In this regard, Thoman does not aver that he first raised any of his claims for habeas relief in his underlying criminal proceedings and identify how the Court of Common Pleas addressed those claims. The publicly available docket entries for Thoman's criminal case also does not show that he has filed any pretrial motions to date, although the Court recognizes that his charges have only been pending in the Court of Common Pleas for a short period of time. Therefore, it appears that Thoman may still raise his any constitutional claims in the Court of Common Pleas. Moreover, he has not demonstrated that his criminal case presents the type of "extraordinary circumstances" necessary to excuse his failure to exhaust. Therefore, because Thoman has not exhausted his state-court remedies, the Court will dismiss his Section 2241 petition without

prejudice to him refiling it after exhaustion. See Callwood, 230 F.3d at 634 (vacating district court's order dismissing Section 2241 habeas petition on the merits and remanding with instructions to the district court to "dismiss for failure to exhaust [state] remedies without prejudice to Callwood's refiling his challenge under § 2241 after exhaustion"); see also Lambert, 134 F.3d at 513 ("The exhaustion requirement does not foreclose federal relief, but merely postpones it.").[8]

---

[8] Some district courts in the Third Circuit decline to consider Section 2241 habeas petitions filed by petitioners with unresolved state criminal charges under Younger abstention:

> Where, as is the case here, state-court remedies are unexhausted, "principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." Younger v. Harris, 401 U.S. 37 (1971); Moore, 515 F.2d at 447–48. Younger abstention will apply when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Lazardis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010) (quoting Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir. 2005)). If the three Younger requirements are satisfied, abstention is required unless the petitioner demonstrates that the state proceedings are motivated by bad faith, the state law being challenged is patently unconstitutional, or there is no adequate alternative state forum where the constitutional issues can be raised. Id. at 670 n.4 (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)). These exceptions are to be construed "very narrowly" and invoked only in "extraordinary circumstances." Id.; Moore, 515 F.2d at 448[; s]ee also Brian R. Means, POSTCONVICTION REMEDIES, § 10.3 Westlaw (database updated June 2021).

See Arrington v. Commonwealth, No. 21-cv-01282, 2022 WL 317147, at *3 (W.D. Pa. Jan. 13, 2022) (citing Pa. R. Crim. P. 576(4), (5)), report and recommendation adopted, 2022 WL 314675 (W.D. Pa. Feb. 2, 2022).

If this Court analyzed whether to abstain from resolving this case under Younger, abstaining would be appropriate. There is an ongoing criminal prosecution in the Adams County Court of Common Pleas and granting habeas relief here would interfere with those proceedings. Additionally, the Commonwealth's criminal case against Thoman implicates important state interests because it has a strong interest in enforcing its criminal laws. Finally, there is no indication that Thoman will not have the opportunity to raise claims challenging, inter alia, any arrest warrant, the bail imposed, and any evidence obtained by the Commonwealth, as part of his criminal proceedings. See, e.g., Pa. R. Crim. P. 578 (requiring that all requests for pretrial relief,

C.    **Certificate of Appealability**

Because Thoman is still awaiting the disposition of his state criminal charges, the Court presumes that he requires a certificate of appealability ("COA") should he decide to appeal from this decision. See 28 U.S.C. § 2253(c)(1)(A) (providing that unless a circuit justice or judge issues a COA, a petitioner may not appeal from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"); see also Reese v. Pennsylvania, No. 19-cv-00775, 2019 WL 5746276, at *1 (W.D. Pa. Nov. 5, 2019) (concluding that COA requirement applies to Section 2241 petitions filed by state pretrial detainees); Harris v. Pike County Corr. Facility, No. 20-cv-00962, 2021 WL 880477, at *3 (M.D. Pa. Mar. 9, 2021) (declining to issue COA as part of dismissal of state pretrial detainee's Section 2241 petition). A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When deciding whether to issue a COA after a dismissal on procedural grounds, the Court applies the following standard:

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling . . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

---

such as those seeking the "suppression of evidence" or "to quash or dismiss an information," to be "included in one omnibus motion"). Therefore, Thoman's claims relating to his state-court criminal proceedings also meet the requirements for Younger abstention.

11

In this case, jurists of reason would not find the disposition of this case debatable, i.e., that Thoman failed to exhaust his state-court remedies prior to filing his Section 2241 petition here and that he failed to present extraordinary circumstances to warrant this Court excusing this failure. See, e.g., Burley v. Superintendent Forest SCI, No. 22-2719, 2023 WL 2560361, at *1 (3d Cir. Feb. 3, 2023) (unpublished) (denying COA because "reasonable jurists would not debate the conclusion that there was no reason for the District Court to exercise jurisdiction over Appellant's current [Section 2241] habeas petition because he failed to establish that (1) he exhausted his state-court remedies or (2) his case presents 'extraordinary circumstances.'" (quoting Moore, 515 F.2d at 443)). Accordingly, the Court will not issue a COA in this case.

### IV. CONCLUSION

For the reasons stated above, the Court will grant the IFP Application, construe Thoman's submission as a Section 2241 habeas petition, dismiss the petition without prejudice due to his failure to exhaust his state-court remedies, decline to issue a COA, and direct the Clerk of Court to close this case. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania